### LOCKWOOD v. CLARK et al.

(District Court, E. D. Pennsylvania. January 9, 1923.)

No. 2587.

Equity ⊂⊃426—Answer held not to allege counterclaim as basis for decree.

 An answer *held* not to plead a set-off or counterclaim on which defend-ant was entitled to a decree pro confesso in default of a reply.

In Equity. Suit by William Lockwood against Charles P. Clark and others. On motion by complainant to set aside decree pro con-fesso. Granted.

Leighton P. Stradley and W. M. Hussie, both of Philadelphia, Pa., for plaintiff.

Graham C. Woodward, of Philadelphia, Pa., for defendants.

THOMPSON, District Judge. The plaintiff alleges in his bill that the defendant Clark by contract in writing agreed to convey to him an undivided half interest in United States patent 1,298,505 for the sum of $300 and to cause notice thereof to be registered in the Patent Office; that the money had been paid, but that Clark had failed and refused to convey the half interest, but, on the contrary, had assigned the patent to Graham C. Woodward and the patentee, Clark, as trustees of the Hotspur Company, and had also granted an exclusive license to manufacture, use, and sell the inventions described in the patents to Clark and Frederick H. Treat, Jr., as trustees of the Hotspur Company.

The plaintiff prays for an injunction, a decree for one-half of all profits realized by the defendants, damages, the cancellation of the assignment and license, and specific performance of the contract to convey the half interest.

The defendants made joint and separate answer setting up the reconveyance of the patent to Clark and the revocation of the license.

The defendant Clark, by separate answer, denies the purchase of a half interest in the patent by the plaintiff, avers that the written contract does not express the entire contract between the parties, and that the entire contract was that the plaintiff and he were to engage together in developing the invention. The plaintiff was to pay one-half the expense to which he had theretofore been put, to have a one-half interest in whatever they might obtain for the patent, and thereafter they were each to contribute one-half of the cost of developing the improvement; that Clark was to have full and unrestricted control of the patent; that he had been put to approximately $600 expense, which the plaintiff had agreed to pay him and had paid him. He alleges that the plaintiff has refused to contribute any money to the development of the patent, except $55.97, but has delayed the development of the patent and has cost Clark large sums of money. He says:

"I pray that, if the court should be of the opinion that under all the circumstances of this case, I ought to convey the aforesaid undivided one-half interest in said invention and patent to the complainant, it will require as a condition precedent to said conveyance that said complainant should pay one-half of all the expense of developing the said invention and patent."

He states that the plaintiff has admitted in writing liability to pay one-half of the expenses of the development of the patent. He avers that he has not obtained any profit from the invention but has expended large sums of money and said Hotspur Company has expended large sums of money in the development of the invention and patent. He prays to be dismissed, with costs, and that the plaintiff, as a condition precedent to a decree for a conveyance of an interest in the patent, be required to pay to him one-half of the money expended, that a decree be entered declaring the plaintiff in default and requiring him to pay respondent's damages, and that an accounting be taken of such damages.

The plaintiff not having replied to any of the allegations of the answer, upon application to the clerk a decree pro confesso was entered. The plaintiff moves to set aside and vacate the decree pro confesso, because no counterclaim is pleaded, because the demands for damages

in the answer are unliquidated, and because they are not specific and are incapable of being replied to.

The matters alleged in the answer which are now claimed to constitute a counterclaim are not so pleaded eo nomine. Equity rule 30 (201 Fed. v, 118 C. C. A. v) provides:

"The answer must state in short and simple form any counterclaim arising out of the transaction which is the subject-matter of the suit, and may, without cross-bill, set out any set-off or counterclaim against the plaintiff which might be the subject of an independent suit in equity against him and such set-off or counterclaim so set up shall have the same effect as a cross-suit so as to enable the court to pronounce a final judgment in the same suit both on the original and crossclaims."

Under rule 31 (198 Fed. xxvii, 115 C. C. A. xxvii) no reply is required without special order, unless the answer assert a set-off or counterclaim. The question, therefore, is whether the answer asserts a set-off or a counterclaim upon which the defendant is entitled to a decree pro confesso in default of a reply. When we come to analyze the allegations relied upon as a counterclaim, we find that the defendant Clark denies the effect of the contract in writing and sets up an oral contract, contradictory to the terms of the written one, under which he was not to convey a half interest in the patent for the sum of $300, but under which he and the plaintiff were to develop the invention and share the expenses; the defendant was to have full and unrestricted control, and the plaintiff to obtain one-half in whatever they might obtain for the patent.

The prayer in paragraph 2 is that the plaintiff be required to pay one-half of the expenses of developing the invention and patent, not under the oral contract, in consideration of a half interest in what might be obtained for it, but as a condition precedent to a conveyance, which conveyance would only be decreed under the written contract, and is no part of the terms of the oral contract set up by the defendant. The same is true of the prayer in paragraph 13 for payment upon an accounting for expenses in the development of the invention of the patent, which is prayed for as a condition precedent to a decree requiring a conveyance of a half interest. The second prayer in the paragraph is repugnant to and inconsistent with the preceding part, requiring an accounting as a condition precedent to conveyance.

It thus appears, first, that the defendant has not set up or asserted any counterclaim as such; second, that he denies that the written contract is the agreement between parties and sets up an oral contract, contradictory in terms to the written contract, and at the same time attempts to allege damages claimed in part as a condition precedent to the contract which he repudiates. There is nothing in the equity rules of February 1, 1913, to justify looseness in pleading. A prevailing purpose is to clear the issues and to avoid the technicalities and prolixity which have grown up under the old rules.

The allegations now asserted to constitute a counterclaim are too uncertain, ambiguous, contradictory, and inconsistent to enable the court to pronounce judgment thereon, and are therefore insufficient to require a reply.

The plaintiff's motion is allowed, and the decree pro confesso vacated and set aside.